FILED
 2009 Nov-16 PM 03:35
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| HERMITAGE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MARY O'DELL, doing business as O&O Services; JIM WALTER RESOURCES, INC.; ANTHONY PIERCE,<br><br>Defendants.<br><br>JIM WALTER RESOURCES, INC.,<br><br>Counter Claimant,<br><br>vs,<br><br>HERMITAGE INSURANCE COMPANY,<br><br>Counter Defendant. | CASE NO.  2:09-CV-1598-SLB |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant Anthony Pierce's Motion to Dismiss.  (Doc. 8.)  Plaintiff Hermitage Insurance Company has filed this action seeking a declaration of whether defendant Jim Walter Resources, as an additional insured under plaintiff's policy issued to defendant Mary O'Dell, is entitled to a defense and indemnity for defendant Pierce's claims brought in state court.  (*See* doc. 1 ¶¶ 12-14.)  Pierce has asked the court to "abstain from exercising jurisdiction pursuant to the Abstention Doctrine discussed

in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005)." (Doc. 8 at 2.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant Pierce's Motion to Dismiss, (doc. 8), is due to be denied.

On or about September 18, 2008, Pierce filed a cause of action against Jim Walter Resources ["JWR"], alleging that he had been injured while working at JWR's Mine Number 4. (Doc. 1 ¶ 12.) JWR was named as an additional insured under Pierce's employer's insurance policy issued by Hermitage Insurance. (*Id*. ¶ 6.) Hermitage is providing JWR a defense in Pierce's action under a reservation of rights. (*Id*. ¶ 13.) Hermitage is not a party to Pierce's state-court case and Hermitage's coverage of JWR is not at issue in the state-court case.

Pierce contends, "The Court should abstain from exercising jurisdiction pursuant to the Abstention Doctrine discussed in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005)." However, the *Ameritas Variable* case "should be considered when a declaratory judgment suit and another suit are 'pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.*, No. 8:09-cv-1129-T-24 MAP, 2009 WL 3446745, *2 (M.D. Fla. Oct. 21, 2009)(quoting *Ameritas Variable Life Ins.*, 411 F.3d at 1330). The absence of a parallel state-court proceeding compels the court to deny Pierce's Motion to Dismiss. *See Specialty Underwriters Alliance v. Peebles McManus, L.L.C.*, _____ F. Supp.

2d _____, No. 3:08-cv-888-MEF, 2009 WL 1931087, at *3 (M.D. Ala. July 7, 2009), *cited in Auto Owners Ins.*, 2009 WL 3446745 at *2.  In *Specialty Underwriters Alliance*, the Middle District of Alabama held:

> The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  While the power granted by this statute gives federal courts competence to declare rights even when no other relief is sought, it does not impose a compulsory duty to do so.  *Am. Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)(holding that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant ").  Nevertheless, federal district courts should exercise that discretion "liberally in favor of granting [declaratory] relief in order to accomplish the purposes of the Declaratory Judgment Act."  *United Ins. Co. of Am. v. Harris*, 939 F.Supp. 1527, 1532 (M.D. Ala. 1996) (Thompson, C.J.); *accord Coregis Ins. Co. v. McCollum*, 955 F. Supp. 120, 123 (M.D. Fla. 1997).
>
> [Defendants] Dickeys argue in the Motion to Dismiss that the Court should abstain from adjudicating this declaratory judgment action because of the pendency of a "parallel state action."  (Doc. # 212.)  They rely on [*Brillhart*] *v. Excess Insurance Company of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).  The Dickeys also point out that the Eleventh Circuit has articulated a list of nine factors a court should consider when deciding whether to abstain from resolving a declaratory judgment action under [*Brillhart*] and *Wilton*.  See *Roach*, 411 F.3d at 1330-31.  [Plaintiff] argues that these cases are inapposite because the underlying state action is not "parallel" and is not the kind of suit contemplated by either [*Brillhart*] and *Wilton* or *Roach*.  Courts are to consider the nine factors, [plaintiff] argues, only in cases when there is both "a declaratory judgment suit [and] another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *See id*. at 1330.  [Plaintiff] points out that resolution of insurance coverage disputes is among the most common uses of the Declaratory Judgment Act in federal courts, and that the Court should

therefore exercise its discretion to decide this case in order to further the purposes of the Act.

[Plaintiff] presents the better arguments and the Court is in wholesale agreement with [it]. *Brillhart* and [*Wilson*] both discussed cases in which there were pending federal declaratory judgment actions and parallel state proceedings with the same legal issues and parties. *See Brillhart*, 316 U.S. at 492-98; *Wilton*, 515 U.S. at 279-82. This reading is supported by the statement in *Roach* that a court considering whether to abstain under *Brillhart* and [*Wilton*] should consider the nine factors when "a declaratory judgment suit [and] another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Roach*, 411 F.3d at 1330-31. Here, neither the parties nor the issues are the same in the underlying state suit. Plaintiff in this action . . . is the insurer of the policyholder Peebles McManus, which is the defendant in the underlying state court action. [Plaintiff] is not a party to that state court proceeding and the coverage issues presented by this declaratory judgment action have not been presented to that forum. Hence, this case is unlike *Brillhart*, [*Wilton*], and *Roach*, which all involved (and only bind this Court with respect to) "parallel" proceedings between the same parties and involving the same issues. *See, e.g., Allstate Indemnity Co. v. Lewis*, 985 F. Supp. 1341, 1345-1346 (M.D. Ala. 1997)(Thompson, C.J.); *Allstate Ins. Co. v. Smith*, No. 3:05-CV-49, 2005 WL 1309019 (M.D. Ala. May 31, 2005) (Albritton, J.). Therefore, these cases, relied upon so heavily by the [defendants], do not require – and do not suggest – that this Court abstain from adjudicating this declaratory judgment action.

The Court's decision to exercise jurisdiction is supported by the purposes of the Declaratory Judgement Act and the longstanding practice in this and other districts. The Declaratory Judgment Act provides a mechanism to adjudicate disputes when the plaintiff is unsure of his duties and seeks to avoid either a breach of a legal duty or unnecessary expenditures in the absence of such a duty. *See generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 1238, 2751 (3d ed. 2009). This is precisely the case here. Moreover, this Court routinely adjudicates coverage disputes brought under the Declaratory Judgment Act when there is an underlying state court case on the merits, which involves different issues and different parties (as is the case here). *See, e.g., Lewis*, 985 F. Supp. at 1345-1346; *Guaranty Nat. Ins. Co. v. Beeline*, 945 F. Supp. 1510 (M.D. Ala. 1996)(Thompson, C.J.); *State Auto Prop. & Cas. Ins. Co. v. Calhoun*, No. 2:05-CV-122-MEF, 2005 WL 2406055 (M.D. Ala. 2005)(Fuller, C.J.); *Smith*,

2005 WL 1309019.

*Specialty Underwriters Alliance*, 2009 WL 1931087 at *2-3.

Pierce argues that, despite the lack of a parallel state-court proceedings, this court should dismiss Hermitage's Declaratory Judgment action because it could intervene in the state-court case to raise its coverage issues. The court declines.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that Pierce's Motion to Dismiss, (doc. 8), is due to be denied. An Order denying defendant's Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 16th day of November, 2009.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE